# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JEREMIAH REDFEARN | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-410 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 20, 2012, claiming entitlement to disability benefits due to the impairments of lumbar disc disease, neuropathy in the lateral femoral cutaneous nerves, obesity, hypertension, sleep apnea, and arrythmia. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on March 12, 2013. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the vocational expert, Talesia Beasley, testified.

On April 11, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on April 24, 2014. Therefore, the April 11, 2013 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since February 10, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the severe impairments of lumbar disc disease, neuropathy in the lateral femoral cutaneous nerves, obesity, hypertension, sleep apnea, and arrythmia (20 CFR 404. 1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to sit for six hours in an 8 hour day and he can stand or walk for two hours in an eight-hour day. He can lift and or carry 10 pounds occasionally and less than 10 pounds frequently. He should be permitted to stand and stretch at a work station at will. He should avoid climbing, using ladders, ropes, or scaffolds. He could occasionally bend, stoop, kneel, crouch, and crawl. He must avoid any vibrations, hazardous machinery, cold and heat extremes, wet environments, and fumes and dust. (20 CFR 404.1567(a)).

6. The claimant is capable of performing past relevant work as a investigator, DOT code 241.267-030, and a repossession clerk, DOT code 241.357-010. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 10, 2011, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 34-46).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707

F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the

4

residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the **Fourth** step.

## **ANALYSIS**

Plaintiff brings one point of error on several grounds that the ALJ failed to properly evaluate Plaintiff's anxiety and depression. The ALJ found that the claimant's anxiety and depression were not severe. He found that the evidence demonstrated that the conditions had not been shown to more than minimally limit his ability to perform basic work activity (Tr. 37).

The legal standard applicable at step two of the evaluation process in the Fifth Circuit was set out in *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985). "An impairment can be considered as not severe only if it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101(quoting *Estran v. Heckler,* 745 F.2d 340 (5th Cir. 1984)). After adopting this as the standard to be applied to a severity determination, the Court stated that unless

the *Stone* opinion itself, another opinion with the same effect, or an express statement of this standard is referenced, then an assumption that the wrong standard was applied by the ALJ and Appeals Council would arise. *Id.* at 1106. Further, the Fifth Circuit stated that "unless the correct standard is used, the claim must be remanded." *Id.*

Here, the ALJ cited to *Stone*. Although the standard noted in finding 3 is incorrectly worded, it is clear in his discussion of depression and anxiety that he considered the correct standard and referenced such (Tr. 37). The ALJ specifically cited the evidence of record in his analysis (Ex. 5 p.53). There are several references in the medical record which note that the claimant's mood and affect are normal. (*See, e.g.,* Tr. 294, 300, 303, 323, 500). Although a few records do indicate he complained of depression, even the clamant neglected to list depression as an impairment for which he was seeking disability. If the clamant did not think his condition was severe, the ALJ cannot be faulted for finding the same. *See Kyle v. Sullivan*, 1993 WL 14950, *8 (5th Cir. 1993) (unpublished); *Henson v. Barnhart*, 373 F.Supp. 2d 674,681 (E.D. Tex. 2005). One record shows that he chose to forego Fluoxetine because of the side effect of erectile dysfunction (Tr. 324). Impairments that reasonably can be remedied or controlled by medication or treatment are not disabling. *See Johnson v. Bowen*, 864 F.2d 340,347 (5th Cir. 1988). Arguably, any *Stone v. Heckler* error is harmless since the ALJ proceeded past step 2. *Jones v. Astrue*, 821 F. Supp 2d 842, 850 (N.D. Tex. 2011). In his analysis of Plaintiff's RFC, the ALJ specifically references the mental demands of Plaintiff's past work (Tr. 46).

At the hearing, Plaintiff stated that his medication for anxiety helped and that he was taking no medication for depression but that he had done so in the past (Tr. 63). He also testified that Xanax helped his anxiety (Tr. 63-64). There was no further discussion related to any mental complaints. Plaintiff, a 39-year old male, was administered a Geriatric Psychological Test which was barely suggestive of depression (Tr. 256). He scored 6 out of 15 while greater than 10 is almost always consistent with depression and 5 or less inconsistent with depression. He noted he was basically satisfied with his life and he did not feel that his situation was hopeless. *Id*. He even stated he felt happy most of the time. Any anxiety was within the normal range (Tr. 257).

The Court finds that the ALJ's conclusion was correct. Plaintiff's counsel's argument is nothing more than semantics. The ALJ cited to the evidence of record that supported Plaintiff's claim and refuted such claim. The ALJ found that any depression or anxiety did not interfere with Plaintiff's ability to perform basic work activities. *See Brunson v. Astrue*, 387 Fed.Appx. 459 (5th Cir. 2010). It is clear to the Court that the ALJ did understand and apply the appropriate standard in his specific discussion. He cited the evidence to support his decision.

Any error in the semantics used was harmless under the circumstances presented here. *See Jones v. Astrue*, 821 F. Supp 2d at 842. The failure of the ALJ to complete a Psychiatric Evaluation form was harmless. Since he found no mental impairment he was not required to complete Part B or C of the form. 20 C.F.R. Section 404-1520a; *Rasche v. Astrue*, 2008 WL 4151346 (N.D. Miss. 2008). Further there was substantial evidence to support his decision. The ALJ did a thorough job in discussing the evidence and gave Plaintiff a fair hearing and reasoned decision.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

**SIGNED this 17th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE